UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURTIS HOLMES, <br><br>    Petitioner, <br><br> v. <br><br> J.E. THOMAS (Warden), <br><br>    Respondent | CIVIL ACTION NO. 4:13-CV-01624 <br><br> (BRANN, J.) <br> (MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

On June 17, 2013, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, signed and dated by Petitioner Curtis Holmes on May 23, 2013. (Doc. 1). Petitioner is a prisoner in federal custody and is currently incarcerated in the United States Penitentiary in Lewisburg, Pennsylvania (USP Lewisburg). On June 19, 2013, this Court issued an Order for Respondent to Show Cause why Holmes should not be granted habeas corpus relief. (Doc. 3). On July 9, 2013, Respondent submitted a response (Doc. 5) and on July 16, 2013, Holmes submitted a traverse. (Doc. 6). Accordingly, this matter is ripe for disposition.

I.   **FACTUAL BACKGROUND**

On September 2, 2010, Holmes was sentenced to one hundred and eighty-one months by the United States District Court for the Southern District of New York for Conspiracy to Commit Robbery and Brandishing a Firearm During and in Relation to a Crime. (Doc. 5). His

projected release date is March 21, 2022, via good conduct time release. (Doc. 5). On June 18, 2012, the State of New York Department of Corrections lodged a detainer with the Bureau of Prisons ("BOP") for parole violation, warrant no. 655316. Holmes requested a conference call to hold his parole revocation hearing with New York state officials. William Hogan, Regional Director of the New York State Department of Corrections and Community Supervision, informed him that the hearing could only take place when Holmes was within the geographical confines of New York State. (Doc. 5).

Holmes then wrote to his sentencing judge, Judge Koeltl, requesting an order transferring him to a facility in New York State to have his parole revocation hearing. Judge Koeltl responded to Holmes, informing him that the Court could not order his transfer, but asked the BOP to consider the request. (Doc. 5-1, p. 20). The BOP contacted the New York State Department of Corrections and Community Supervision, and was informed that by law, New York could not hold any type of revocation hearing until the offender was available to their warrant only, and as such, the hearing could not be held until Holmes completed his federal sentence. (Doc. 5-1, p. 2).

Warden Thomas, Respondent in this matter, then sent a letter to Judge Koeltl informing him that due to Holmes' high security classification and penitentiary designation, the BOP is unable to transfer Holmes to a facility in New York. The letter further stated that New York state officials informed the BOP that a parole revocation hearing could not be held until Holmes completed his federal sentence. (Doc. 5-1, p. 2).

II.     DISCUSSION

Holmes is presently serving a federal sentence which was imposed by the Southern District of New York. Holmes wishes to have a hearing regarding his New York state detainer. Specifically, Holmes seeks to have the Court temporarily transfer him to a facility in New York so that he may have his parole violator hearing held in order to run that sentence concurrent with his present federal sentence. (Doc. 1). Holmes states that doing so would eliminate the state detainer on him, which prevents him from participating in certain programs in the BOP, including halfway house time. (Doc. 1).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). *See, e.g., Mutope v. Pennsylvania Board of Probation and Parole,* No. 07-CV-472, 2007 WL 846559, at *2 (M.D. Pa. March 19, 2007) (Kosik, J.). The Rules are applicable to § 2241 petitions under Rule 1(b). *See, e.g., Patton v. Fenton,* 491 F.Supp. 156, 158–59 (M.D. Pa. 1979). In pertinent part, Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." It is apparent from the facts of the petition that Holmes cannot seek habeas relief in this Court.

Although a habeas corpus petition is "the appropriate procedure under which to challenge the validity of a detainer," *Kirkpatrick v. Ohio,* No.07–CV–2202, 2007 WL 4443219, at *1 (M.D. Pa. Dec.18, 2007) (Conner, J.), the petition must be brought, not in the jurisdiction in which the inmate's current custodian is found, but in the jurisdiction in which the state official lodging the detainer is located. *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484 (1973); *Campbell v. Kelly,* No. 09–CV–153, 2009 WL 260795, at * 2 (M.D. Pa. Feb. 2, 2009) (Vanaskie, J.).

"[W]hen a federal prisoner challenges his future confinement by challenging a state detainer, the federal warden is not" the prisoner's custodian. *Graham v. Brooks,* 342 F. Supp. 2d 256, 261 (D. Del. 2004). Rather, the "petitioner is deemed to be in custody of the state officials lodging the detainer, at least for the purposes of the habeas action." *Graham*, 342 F. Supp. 2d at 261 (citing *Rumsfeld v. Padilla,* 542 U.S. 426, 438 (2004)). *Graham* reiterated that the district court having jurisdiction over the state officer who issued the detainer has habeas jurisdiction over habeas corpus petitions filed in such cases. *Graham*, 342 F. Supp. 2d at 261–62.

In this matter, Holmes is requesting a state parole revocation hearing in the hopes that he can serve his state sentence concurrently with his federal sentence, thereby removing his state detainer. For purposes of challenging the provisions of the detainer, the federal warden, Respondent Thomas, is not the prisoner's custodian. Holmes is deemed to be in custody of the state officials lodging the detainer for purposes of the habeas action. If Holmes wishes to challenge the terms of the detainer, he must do so in the state of New York. *See Brown v. Sauers*, 13-CV-2900, 2013 WL 6243856 (M.D. Pa. Dec. 3, 2013) (Brann, J.) (habeas petition seeking relief with respect to state detainer transferred to district court having jurisdiction over the state officer who issued the detainer); *Yoho v. Ebbert*, 12-CV-2541, 2013 WL 372564 (M.D. Pa. Jan. 30, 2013) (Mannion, J.) (where petitioner sought hearing on his pending detainers, petition for writ of habeas corpus transferred to district court of state where detainers were pending).

A court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a). The United States Supreme Court in *Hoffman v. Blaski,* 363 U.S. 335, 343 (1960), recognized that under § 1404(a), a civil action may be transferred by a district court to another district court where that action may have been brought. In *Braden,* the Supreme Court held that

an action by an inmate attacking a detainer lodged by another state may be transferred in the interest of justice to the district court in the state which lodged the detainer. *Braden,* 410 U.S. at 499 n. 15.

The United States District Court for the Southern District of New York is the proper forum within which to attack the provisions of a detainer issued by New York County, New York,[1] and also to answer the question of whether Holmes has exhausted any remedies available to him under New York law.[2] Consequently, it is recommended that this matter be transferred to the United States District Court for the Southern District of New York pursuant to § 1404(a).

---

[1] Respondent argues that Holmes' petition fails as this Court lacks subject matter jurisdiction, as Holmes is not challenging the validity of his criminal conviction or sentence, or the length of his confinement. *See Leamer v. Fauver,* 288 F.3d 532, 542-43 (3d Cir. 2002); *see also Moody v. Daggett,* 429 U.S. 78, 88 n.9 (1976) (prisoner has no due process right to prisoner classification and eligibility for rehabilitative programs in the federal system); *Olim v. Wakinekona,* 461 U.S. 238, 244-45 (1983) (inmate has no right to be confined in or transferred to any particular prison). Respondent's argument is well-taken, as Holmes' petition does not seek to challenge the validity of his conviction or the length of his confinement. However, as it is recommended that this Court does not have jurisdiction and this matter should be transferred, this challenge should be made in the United States District Court for the Southern District of New York.

[2] Respondent also submits that Holmes has failed to exhaust his administrative remedies with respect to the claims he alleged in his petition. As it is recommended that this matter be transferred to the United States District Court for the Southern District of New York, as this Court does not have jurisdiction, this Court has not analyzed Respondent's exhaustion argument. *See Mokone v. Fenton,* 710 F.2d 998, 1002 (3d Cir. 1983) (a habeas applicant challenging an out-of-state detainer must exhaust the remedies of the state where the charge is pending).

III.  **RECOMMENDATION**

Based on the foregoing, it is recommended that:

1. The Clerk of Court **TRANSFER** this case to the United States District Court for the Southern District of New York; and

2. The Clerk of Court **CLOSE** this case.

BY THE COURT:

Dated: December 19, 2013

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURTIS HOLMES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>J.E. THOMAS (Warden),<br><br>　　　　　Respondent | CIVIL ACTION NO. 4:13-CV-01624<br><br>(BRANN, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 19, 2013**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: December 19, 2013　　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**