**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
―――――――――――――――――――――――――

**CURTIS HOLMES,**
           **Petitioner**

                                              **14 Civ. 1248 (JGK)**

           **- against -**
                                              <u>**MEMORANDUM OPINION AND**</u>
**J.E. THOMAS, ET AL.,**                      <u>**ORDER**</u>

                      **Respondents.**
―――――――――――――――――――――――――

**JOHN G. KOELTL, District Judge:**

The petitioner, Curtis Holmes, has filed this petition for
a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The
petitioner seeks an order requiring the Bureau of Prisons
("BOP") to transfer him, temporarily, to a correctional facility
located within the geographic boundaries of New York State. The
respondent, J.E. Thomas, the Warden of the United States
Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg") where
the petitioner is currently imprisoned, has moved to transfer
this petition to the Middle District of Pennsylvania where USP
Lewisburg is located, or alternatively to dismiss this action.
Tina M. Stanford, the Chairwoman of the Board of Parole of the
New York State Department of Corrections and Community
Supervision ("NYSDOC") who has been added as a respondent, has
moved to dismiss the petition against her.  For the reasons
explained below, Stanford's motion to dismiss her is granted and
the remaining petition is transferred to the Middle District of
Pennsylvania.

I.

On April 26, 2010, the petitioner pleaded guilty in this Court to one count of conspiracy to commit robbery in violation of 18 U.S.C. § 1951, and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (Knepper Decl. at 3.)[1]  On September 8, 2010, this Court sentenced the petitioner to a term of incarceration of 97 months on the conspiracy count, and 84 months on the substantive count, to run consecutively.  (Knepper Decl. at 3-4.)  The petitioner is currently incarcerated at USP Lewisburg, and his projected release date is March 21, 2022, (Knepper Decl. at 10.)

At the time of his arrest and conviction on the federal charges, the petitioner was subject to parole supervision by New York State.  On June 18, 2012, after the petitioner was sentenced on the federal charges, the NYSDOC lodged a detainer (the "detainer") against the petitioner for violating the conditions of his New York State parole.  (Pet. at Ex. A.)

The petitioner subsequently sought information about New York State's parole violation process from the NYSDOC.  (Supp. to Pet. at Ex. B.)  By correspondence dated March 7, 2013, the

---

[1] Because the attachments contained in the Knepper Declaration are not consistently paginated, all references to the Knepper Declaration are to the docket-stamped page numbers of the Knepper Declaration.

2

NYSDOC Regional Director informed the petitioner that the parole violation process could commence when the petitioner was within the geographic boundaries of New York State, irrespective of the type or location of the correctional facility in which the petitioner was incarcerated. (Supp. to Pet. at Ex. B.) The petitioner then requested that the NYSDOC conduct his parole violation hearing by a conference call. (Knepper Decl. at 22.) The NYSDOC denied the petitioner's request because the petitioner was not incarcerated within the geographic boundaries of New York State. (Knepper Decl. at 22.)

In early April 2013, the petitioner submitted a letter to this Court requesting that the Court order that the BOP temporarily transfer the petitioner to a correctional facility in New York State, so that New York State could hold a parole violation hearing in connection with the detainer. (Knepper Decl. at 21.) In an Order dated April 9, 2013, this Court noted that it was without authority to direct that the petitioner be transferred to a correctional facility in New York State because the authority to direct a transfer was committed to the discretion of the BOP. (Knepper Decl. at 20.) The Court also noted that the petitioner's request appeared reasonable and requested that the government forward the request to the BOP. (Knepper Decl. at 20.)

In a letter submitted to the Court on April 22, 2013, the BOP represented that it could not transfer the petitioner to a correctional facility in New York State because of the petitioner's high security classification and penitentiary designation.  (Knepper Decl. at 24.)[2]  This petition followed.

II.

The petitioner filed this petition on June 17, 2013 in the U.S. District Court for the Middle District of Pennsylvania, the district in which USP Lewisburg is located.  (Pet. at 1.)  The petition initially named USP Lewisburg Warden J.E. Thomas as the sole respondent.  (Pet. at 1.)

In his petition, the petitioner requests that he be temporarily transferred "to a holding facility within the [j]urisdiction of New York.  So that a Parole hearing [can] be conducted . . . ."  (Pet. at 5.)  The petitioner argues that BOP's failure to transfer him to a correctional facility in New York State has prevented him from eliminating the detainer

---

[2] The BOP also represented that the NYSDOC had informed the BOP that the NYSDOC could not conduct a parole violation hearing until the petitioner was available in person to the warrant issued by NYSDOC.  (Knepper Decl. at 24.)  Although it appears that the NYSDOC did instruct the BOP that it could not conduct a parole violation hearing until the petitioner was released from federal custody, (Knepper Decl. at 18), the NYSDOC Regional Director has represented that a parole violation hearing will be conducted while the petitioner remains in federal custody, if the petitioner is transferred to a correctional facility within the geographic boundaries of New York.  (Pet'r's Resp. at 6; see also Supp. to Pet. at Ex. B; Knepper Decl. at 22.)

against him, and therefore increased his custody score and deprived him of his right to participate in various treatment and rehabilitation programs offered to federal inmates.  (Pet. at 4-5.)  The petitioner contends that if transferred to a facility in New York, and given a parole violation hearing, he could eliminate the detainer by obtaining a judgment that would run the remainder of his time under the parole supervision of NYSDOC concurrently with the time he is currently serving pursuant to his federal sentence.  (Pet. at 4-5.)  The petitioner also requests in the alternative that the Court order a video conference in order to allow the parties to conduct the parole violation hearing without undue expense or delay.  (Pet. at 5.)

On July 15, 2013, Judge Matthew Brann referred the petition to Magistrate Judge Karoline Mehalchick for a report and recommendation.  Magistrate Judge Mehalchick determined that the petitioner was challenging the provisions of the detainer lodged by NYSDOC and, accordingly, concluded that the petitioner's custodian was the New York State official who lodged the detainer against him, rather than his federal warden.  Holmes v. Thomas, No. 13cv1624, 2014 WL 691395, at *3 (M.D.P.A. Feb. 21, 2014).  Magistrate Judge Mehalchick therefore recommended that the petition be transferred to this Court.  Id.

There were no objections to the Report and Recommendation and Judge Brann adopted the Report and Recommendation in its entirety and ordered that the petition be transferred to this Court.  Id. at 1.  After reviewing the petition, this Court ordered that the Board of Parole Chairwoman for the NYSDOC, Tina Stanford, be added as a respondent.  (Order, ECF No. 14.)  The Court then granted Respondent Thomas leave to file a motion to transfer or dismiss the petition, and granted Respondent Stanford leave to file a motion to dismiss the petition against her.  (Orders, ECF Nos. 22, 26.)

III.

28 U.S.C. § 2241 provides that district courts may grant habeas relief if a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  However, under § 2241(a), courts may grant habeas relief only "within their respective jurisdictions."  28 U.S.C. § 2241(a).  With respect to the pending motions, the issue is whether this Court has jurisdiction over the petitioner's habeas petition.  The Supreme Court has explained that, with respect to habeas petitions, the jurisdictional inquiry requires, first, identifying the proper respondent to the petitioner's habeas petition, and, second, determining whether jurisdiction over the relevant respondent is proper in

6

the court where the petition is pending.  See <u>Rumsfeld v.</u>
<u>Padilla</u>, 542 U.S. 426, 434 (2004).

### A.

    "[T]he proper respondent to a habeas petition is 'the
person who has custody over the petitioner.'"  <u>Padilla</u>, 542 U.S.
at 434 (quoting 28 U.S.C. § 2242); <u>see also</u> <u>Braden v. 30th Jud.</u>
<u>Cir. Ct. of Ky.</u>, 410 U.S. 484, 494-95 (1973); 28 U.S.C. § 2243
(writ of habeas corpus "shall be directed to the person having
custody of the person detained").  "This custodian, moreover, is
the person with the ability to produce the prisoner's body
before the habeas court."  <u>Padilla</u>, 542 U.S. at 435 (citation
and internal quotation marks omitted).

    "[L]ongstanding practice confirms that in habeas challenges
to present physical confinement-'core challenges'-the default
rule is that the proper respondent is the warden of the facility
where the prisoner is being held, . . ."  <u>Id.</u>  "However, when a
federal prisoner challenges his future confinement by
challenging a state detainer, the federal warden is not 'the
person who [holds] him in what [is] alleged to be unlawful
custody.'"  <u>Graham v. Brooks</u>, 342 F. Supp. 2d 256, 261 (D. Del.
2004) (alteration in original) (quoting <u>Braden</u>, 410 U.S. at 494-
95).  Rather, "the petitioner is deemed to be in custody of the
state officials lodging the detainer, at least for purposes of

the habeas action." Id. (citing Padilla, 542 U.S. at 438;
Braden, 410 U.S. at 494-95).

     In this case, it is not immediately clear on the face of
the petitioner's habeas petition whether he seeks to challenge
his current confinement by the BOP or his future confinement by
the NYSDOC.  In the space on the form habeas petition for
indicating the issue with which the petition is concerned, the
petitioner indicated that his petition concerned "a parole
problem." (Pet. at 2.)  When prompted to identify the ground
upon which he was being held unlawfully, the petitioner
identified the detainer lodged against him on the basis of his
parole violation.  (Pet. at 4.)  However, when prompted to
identify the parties who violated his rights, and at what time
and place his rights were violated, the petitioner discussed the
BOP's denial of his request to transfer to a correctional
facility in New York for purposes of facilitating a parole
violation proceeding.  (Pet. at 4-5.)

     Although these conflicting allegations might be read to
challenge the detainer lodged against the petitioner by the
NYSDOC, the relief requested in the petition, along with various
submissions made after the petition was transferred to this
Court, clarify that the petitioner is in fact challenging the
BOP's denial of his request to be transferred to a correctional
facility in New York and not the validity of the NYSDOC

detainer.  The petitioner does not seek to vacate the detainer but rather to be transferred to a facility in New York so that he can have a parole revocation hearing and be sentenced for that alleged parole violation.

In his petition, the petitioner requests that he be temporarily transferred "to a holding facility within the [j]urisdiction of New York.  So that a Parole hearing [can] be conducted . . . ."[3]  (Pet. at 5.)  The petitioner argues that the BOP's denial of his transfer request not only affects his custody score, but also deprives him of access to various programs offered to federal inmates.  (Pet. at 4-5.)  The petitioner does not assert in his petition that the detainer lodged against him by the NYSDOC is in any way invalid or unlawful.  Instead, the petitioner asserts that he is entitled to a parole violation hearing, at which he could proceed to sentencing on the alleged parole violation in order to eliminate the detainer.  (Pet. at 4-5.)

The petitioner's responsive papers, submitted in connection with the pending motions to transfer and to dismiss the petition, confirm that the petitioner challenges the BOP's

---

[3] The petitioner also requests that the Court order a video conference in order to allow the parties to conduct the petitioner's parole violation hearing without undue expense or delay.  (Pet. at 5.)  However, the petitioner does not argue that the NYSDOC's refusal to conduct the petitioner's parole violation hearing by video conference, while the petitioner is located outside of New York State, provides a basis for habeas relief.

denial of his request to transfer to a correctional facility in New York, and does not challenge the validity of the detainer. He seeks to be transferred to New York so that he can have a hearing before the NYSDOC on the issue of his alleged parole violation.  He has presented no argument that the detainer itself is unlawful.  In his responsive papers, the petitioner asserts that he has been placed at a disadvantage because the BOP has denied him a transfer to a facility in New York. (Pet'r's Resp. at 3-4.)  The petitioner asks to be summoned to this Court so that he can be housed in one of the inmate holding facilities located in Manhattan, Brooklyn, or Queens, and a parole violation hearing can be held.  (Pet'r's Resp. at 4.)  He notes that he was informed during his guilty plea in federal court that the Assistant United States Attorney assigned to his case "had contacted the state parole people and was trying to ensure that the state parole penalty would run together with [his] federal sentence."  (Pet'r's Resp. at 2.)  He also notes that, before he entered his guilty plea, his attorney informed him that his "parole time" would run concurrently with any time spent serving his federal sentence.  (Pet'r's Resp. at 2.) Nowhere in the petitioner's responsive papers does he offer any argument that the detainer lodged against him by the NYSDOC is invalid.[4]

---

[4] The petitioner argues that, prior to the issuance of the NYSDOC

Additionally, the petitioner has submitted several letters clarifying that his petition is directed at the BOP's denial of his request for a transfer.[5]  (See, e.g., Letter Attach. to Order, ECF Nos. 15, 16, 23, 38, 40.)  For example, in his letter dated July 1, 2014, the petitioner writes that "[t]he issue of [his] motion . . . is based on the fact that the [S]tate of New York Department of Correction and Community Supervision would hold a Parole revocation hearing when [he is] within their geographic boundaries . . . ."  (Letter Attach. to Order, ECF No. 40.)  Indeed, in the letter the petitioner specifically objects to the BOP's refusal to transfer him to a correctional facility in New York, alleging that "[t]he B.O.P. denied his

---

detainer, the BOP imposed its own detainer on him without reason.  (Pet'r's Resp. at 2.)  However, this claim only underscores that the petitioner's habeas challenge is directed at the BOP, rather than the NYSDOC.  The petitioner also notes that he initially objected to his custody score on the ground that seven points had been scored against him on the basis of the detainer, which had not yet been lodged by the NYSDOC. (Pet'r's Resp. at 2.)  It is plain that the petitioner's initial objection to his custody score was based on the detainer's non-existence, and cannot be construed as an objection to the validity of the NYSDOC detainer once that detainer was lodged.

[5] In one of the petitioner's letters, the petitioner not only objects to the BOP's denial of his request for transfer, but also requests that the Court resolve the issues associated with the detainer by sentencing the petitioner on the detainer, or by finding the detainer satisfied in light of time served by the petitioner pursuant to his federal sentence.  (Letter Attach. to Order, ECF No. 15).  This argument also indicates that the petitioner does not challenge the validity of the detainer lodged against him by the NYSDOC but rather seeks to be sentenced for his alleged parole violation, but it is for the New York State authorities to impose any sentence for a violation of New York State parole.

transfer to a facility within New York because of the Parole detainer."  (Letter Attach. to Order, ECF No. 40 (internal quotation marks omitted); <u>see also</u> Letter Attach. to Order, ECF. No. 23 ("The B.O.P. is deliberately see[k]ing to hinder my process to the Parole Courts.").

In light of the relief requested in the petitioner's habeas petition, the arguments made by the petitioner in response to the pending motions, and the assertions contained in the petitioner's correspondence to this Court, it has become clear that the petitioner is in fact challenging the BOP's denial of his request for a transfer to a correctional facility located within New York State.  Accordingly, the petitioner's habeas petition is directed at his present physical confinement at USP Lewisburg, and the proper respondent in this case is Respondent Thomas.  <u>See</u> <u>Padilla</u>, 542 U.S. at 435 ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, . . ."). Because the proper respondent on this habeas petition is Respondent Thomas, the motion by Respondent Stanford to dismiss the petition against her is **granted**.

B.

Because the petitioner challenges his present physical confinement at USP Lewisburg, jurisdiction is proper only in the judicial district within which USP Lewisburg is located.  See id. at 443 ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.")  USP Lewisburg is located in the Middle District of Pennsylvania.

Pursuant to 28 U.S.C. § 1406(a), district courts have broad discretion to transfer habeas cases to the appropriate judicial district where the interest of justice so requires.  See, e.g., Tejeda v. Reno, No. 00cv6338, 2000 WL 1280969, at *2 (S.D.N.Y. Sept. 11, 2000).  Transfer rather than dismissal best serves the interest of justice because it enables more expeditious consideration of a petitioner's claims.  Tejeda, 2000 WL 1280969, at *2 (finding lack of jurisdiction to consider § 2241 petition and, pursuant to 28 U.S.C. § 1406, transferring petition to the proper judicial district in the interest of justice).[6]

_____

[6] In its most recent submission to this Court dated July 18, 2014, Respondent Thomas points out that there is a procedure whereby a federal prisoner can be temporarily transferred to state custody to attend a parole hearing.  However, this procedure requires an application on behalf of a state or local court by a prosecutor or other authority.  See 28 C.F.R. § 527.30-31.  In an accompanying Order, this Court has appointed the petitioner's original trial counsel to represent him in connection with attempting to use this procedure.

13

Accordingly, Respondent Thomas's motion to transfer this petition to the Middle District of Pennsylvania is **granted** and Respondent Thomas's motion to dismiss the petition is **denied as moot.**

### Conclusion

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, the arguments are either moot or without merit.  For the foregoing reasons, Respondent Stanford's motion to dismiss this action against Respondent Stanford is **granted.**  Respondent Thomas's motion to transfer this petition to the Middle District of Pennsylvania is **granted,** and Respondent Thomas's motion to dismiss the petition is **denied as moot.  The Clerk is directed to close all pending motions and to transfer this action to the United States District Court for the Middle District of Pennsylvania.**

SO ORDERED.
Dated:    New York, New York
          August 5, 2014                _____/s/_____
                                             John G. Koeltl
                                        **United States District Judge**